| 83 | 249 |
| 83 | 255 |

STATE $v$. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY (I).

## Opinion delivered June 17, 1907.

1. RAILROADS—INDICTMENT WITH REFERENCE TO CLOSETS AT DEPOTS—UNCERTAINTY.—An indictment against a railroad company which alleges that defendant failed to construct and maintain two water closets for the two sexes at a certain passenger depot and also failed to designate said closets by proper lettering is void for uncertainty. (Page 252.)

2. SAME—INDICTMENT—DUPLICITY.—An indictment of a railway company for failure to construct and maintain separate water closets for the two sexes at a certain depot can not be joined with one for failure to designate such closets by proper lettering.   (Page 253.)

3. SAME—CONSTITUTIONAL LAW—POLICE REGULATION.—The statute requiring railroads to maintain separate water closets for the two sexes at passenger depots, and to designate such closets by proper lettering, does not violate the 14th Amendment of the Constitution of the United States. (Page 253.)

Appeal from Sharp Circuit Court; *J. W. Meeks*, Judge; affirmed.

### STATEMENT BY THE COURT.

This is a prosecution, by indictment, for the alleged violation of an act approved April 23, 1903, which is as follows:

"Section 1. All persons who own or operate any line or lines of railroad in this State shall keep separate waiting rooms now provided for in section 6219 of Sandels & Hill's Digest in all depot buildings now erected or that may hereafter be erected, for the accommodation of their passengers, open both day and night for the free and unrestricted use of their said passengers.

"Section 2. That said waiting rooms shall at all proper times and seasons be comfortably heated and at all times supplied with wholesome drinking water, and shall in all other respects

keep and maintain said waiting rooms in a sanitary and clean manner. All railroads passing through or into any city or incorporated town in this State shall construct and maintain two water closets at their passenger depots, one for males and one for females. Said closets shall be designated by proper lettering. They shall be kept open at all hours for the accommodation of passengers and employees of said road or roads, and shall be constructed and kept in good condition.

"Section 3. All railway companies that shall refuse and neglect to comply with the provisions and requirements of this act shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than one hundred dollars ($100.00) nor more than three hundred dollars ($300.00), and every day or night that such railway company shall fail to comply with the provisions of this act shall be a separate offense, and any agent or agents of such railway company at such depot who shall refuse to carry out the provisions of this act shall, on conviction, be fined not less than ten nor more than twenty-five dollars ($25.00) for each offense; provided, however, that all railroad lines running neither freight nor passenger trains over said lines after night shall be allowed to close their waiting rooms at 7 o'clock P. M. and open their waiting rooms to the public at 6 A. M.; and provided further, that the provisions of this act shall not apply to Benton, Washington and Crawford counties." Acts 1903, c. 160.

Section 6219, Sand. & H. Digest, to which reference is made in this act, reads as follows:

"Section 6219. All railroad companies carrying passengers in this State shall provide equal but separate and sufficient accommodations for the white and African races by providing two or more passenger coaches for each passenger train; provided, each railway carrying passengers in this State may carry one partitioned car, one end of which may be used by the white passengers and the other end by the passengers of the African race, said partition to be made of wood, and they shall also provide separate waiting rooms of equal and sufficient accommodations for the two races at all their passenger depots in this State."

The indictment alleged as follows:

"The grand jury of Fulton County, in the name and by the authority of the State of Arkansas, accuse the St. Louis & San Francisco Railroad Company of the crime of misdemeanor, committed as follows, to-wit: The said St. Louis & San Francisco Railroad Company in the county and State aforesaid, on the 20th day of January, A. D. 1906, then and there being, owning and operating a line of railroad in this State and in and through the town of Mammoth Spring, the same being then and there an incorporated town in Fulton County in said State, did then and there unlawfully fail to construct and maintain two water closets at their passenger depot in said incorporated town of Mammoth Spring, one for males and one for females, and did then and there unlawfully fail to designate said closets by proper lettering, against the peace and dignity of the State of Arkansas."

Defendant demurred to this indictment as follows:

"1st. Said indictment does not state facts sufficient to constitute any public offense under the law of Arkansas.

"2nd. Said indictment is indefinite and uncertain and not sufficiently specific to charge any offense under the laws of Arkansas.

"3rd. Said indictment attempts to charge two or more offenses in a single count."

The court sustained the demurrer, and the State has appealed.

*William F. Kirby* Attorney General, and *Daniel Taylor* Assistant, for appellant.

1. Under the law the crime consists in "failing to provide for the comfort and accommodation of railway passengers," which may be committed in any or all of the modes set out in the statutes, and the indictment should have so alleged, instead of charging the "crime of misdemeanor;" but this defect is not fatal, since a particular offense was made definite by the statement of facts constituting it and the name of the crime is controlled by the specific acts charged. 36 Ark. 242; 71 Ark. 80; 77 Ark. 480.

2. The indictment does not charge two offenses, but one offense committed in two ways. Kirby's Digest, § § 2228-2230.

*L. F. Parker* and *W. J. Orr,* for appellee.

1.  An indictment must set forth the facts constituting the alleged offense so clearly as to advise the accused of the charge which he has to meet, to give him a fair opportunity to prepare his defense, to enable him to avail himself of a conviction or acquittal in bar of another prosecution for the same offense and to enable the court to determine whether or not, under the law, the facts therein stated are sufficient to support a conviction. These elementary essentials are lacking in this indictment in that it fails to allege that the depot at Mammoth Spring was a "passenger depot," and that it was under defendant's control; that defendant was operating a road in through Fulton County; that the waiting room was used or intended for passengers. It also fails to allege facts from which the court can say the room was not comfortably heated, or needed heat, or that it was a "proper time and season for heat," and fails to allege facts from which it could say the water furnished was unwholesome within the letter and spirit of the statute. 68 Ark. 251; 31 S. W. 570; 1 Bishop, Crim. Proc. 81; Wharton, Crim. Pl. & Pr. § 220; 87 S. W. 426.

2.  Section 3 of the act provides that all railways that shall "refuse and neglect" to comply, etc., shall be deemed guilty, etc. The indictment is defective in that it alleges the defendant did unlawfully *fail* and unlawfully *neglect* to keep the waiting room etc. 24 Ark. 44; 5 Grat. 664; 8 Blackf. 299; 29 Mo. 286; 1 East, P. C. 420; 34 N. H.. 510; 1 Bishop, Crim. Proc. 611; *Id.* § 503; Words and Phrases, tit. "Refuse and Neglect;" 43 Ark. 178.

3.  The indictment is bad in that it charges two offenses in one count. 36 Ark. 55.

4.  The statute violates the 14th amendment to the Federal Constitution, in denying to railway companies the equal protection of the laws. 106 U. S. 85; 159 U. S. 678; 113 U. S. 27; 54 Atl. 1081; 118 U. S. 394.

WOOD, J., (after stating the facts.) First. The indictment is void for uncertainty. If the facts were that appellee had neglected and refused to construct and maintain two water closets as charged, then it could not also be true that it had refused to "designate said closets by proper lettering," as is also charged; because, if water closets were not constructed, there

would be none to designate. Appellee could not neglect or refuse to designate water-closets when there were none in existence. It is impossible that both the charges made in the indictment should be sustained. Appellee was not advised of the offense with which is was charged. If the State intended to charge it with the offense of refusing to construct and maintain water closets as required by the statute, it should not also have charged that it refused and neglected to designate the water closets by proper lettering, because the two charges involved a contradiction in terms. If the State intended to charge that the water closets were constructed, but were not maintained and not properly designated, as the statute requires, then it should have so alleged in the indictment setting forth the facts. The allegations are too indefinite to be the basis of a criminal charge under the statute.

Second. The indictment was also void for duplicity. While the various requirements of the statute were intended to provide for the comport of passengers, as is indicated by the title of the act, yet the Legislature did not in the body of the act create and define the offense as a "refusing and neglecting to provide for the comfort of passengers" which should be committed in any or all the ways prescribed. The Legislature, in other words, did not constitute the various requirements of the statute one offense, committed in so many different ways, which it could easily have done. But, under the language of the act, each one of the requirements is a separate and distinct offense. It was improper therefore to join these in the same indictment, and the case is ruled in this respect by *State* v. *Lancaster,* 36 Ark. 55.

Third. The statute is not unconstitutional. It does not violate the provisions of the 14th Amendment of the Constitution of the United States.

Judgment affirmed.

HILL, C. J. and McCULLOCH J., dissent.