STATE v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY (2).

Opinion delivered June 17, 1907.

1.  RAILROAD—INDICTMENT WITH REFERENCE TO DEPOT CONVENIENCES.—An indictment of a railroad company which charges that it failed and neglected to keep the waiting room in a certain depot comfortable, heated and supplied with wholesome drinking water is defective in failing to designate which waiting room was intended, whether the one set apart to the white or to the African race. (Page 255.)

2.  SAME—DUPLICITY IN INDICTMENT.—An indictment against a railroad company which charges that it failed to keep the waiting room in a certain depot heated and supplied with wholesome drinking water charges two separate offenses. (Page 255.)

Appeal from Sharp Circuit Court; J. W. Meeks, Judge; affirmed.

STATEMENT BY THE COURT.

This is a prosecution, by indictment, for the alleged violation of the act copied in the case of State v. St. Louis & S. F. Rd. Co. (1), ante p. 174.

The indictment is as follows:

"The grand jury of Fulton County, in the name and by the authority of the State of Arkansas, accuse the Saint Louis & San Francisco Railroad Company of the crime of misdemeanor, committed as follows, to-wit: The said Saint Louis & San Francisco Railroad Company, in the county and State aforesaid, on the 16th day of January, A. D. 1906, then and there being a railroad corporation and operating a line of railroad in the State of Arkansas, and running both freight and passenger trains after night, did unlawfully fail and unlawfully neglect to keep the waiting room in the depot at Mammoth Spring, in the county and State, comfortable, heated and supplied with wholesome drinking water, against the peace and dignity of the State of Arkansas."

The appellee presented the following demurrer:

"1st.  Said indictment does not state facts sufficient to constitute any public offense under the law of Arkansas.

"2d.  Said indictment is indefinite and uncertain and not sufficiently specific to charge any offense under the laws of Arkansas.

"3rd. Said indictment attempts to charge two or more offenses in a single count."

The demurrer was sustained, and the State appeals.

*William F. Kirby* Attorney General, and *Daniel Taylor* Assistant, for appellant.

*L. F. Parker* and *W. J. Orr,* for appellee.

WOOD, J., (after stating the facts.) First. This indictment is void for uncertainty and duplicity. It charges neglect to keep the waiting room in the depot at Mammoth Spring "comfortable, heated and supplied with wholesome drinking water." But the indictment does not designate which waiting room was intended, whether the one set apart for the white or African race. See *St. Louis, I. M. & S. Ry. Co.* v. *State,* 61 Ark. 9.

Second. The indictment also charges two separate and distinct offenses, to-wit: the neglect to keep the waiting room heated and the neglect to keep it supplied with wholesome drinking water. These could not be joined in the same indictment. *State* v. *Lancaster,* 36 Ark. 55; *State* v. *St. Louis & S. F. R. Co.,* (1) *ante* p. 249.

Third. The statute is not violative of the 14th Amendment.

The judgment is therefore affirmed.

HILL, C. J. and MCCULLOCH J. dissent.