STATE v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered July 12, 1909.

1. RAILROADS—FAILURE TO KEEP WATER AT STATION.—Kirby's Digest, § 6634, requiring railroad companies to keep their waiting rooms at stations supplied with wholesome drinking water, is not invalid be-

cause it inflicts penalties both upon the corporation and the particular agent who neglects or refuses to perform the required acts. (Page 76.)

2. SAME—DISCRIMINATORY EFFECT OF STATUTE.—Kirby's Digest, § 6634, requiring that wholesome water be kept in waiting rooms at railroad stations, is not invalid because it imposes a larger fine upon the railroad corporation than upon the agent who is guilty of the negligent omission. (Page 77.)

3. APPEAL AND ERROR—LIMITATION—CONSTRUCTION OF STATUTE.—The act of 1909 regulating the time for suing out appeals and writs of error is prospective, and does not apply to judgments rendered prior to its passage. (Page 78.)

Appeal from Lawrence Circuit Court, Western District; *Charles Coffin,* Judge; reversed.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellant.

1. The indictment follows the language of the statute. It charges all the necessary facts. Kirby's Dig. § § 6622, 6634-6; 18 Ark. 363; 19 *Id.* 171, 587; 33 *Id.* 140; 39 *Id.* 216; 45 *Id.* 173; 47 *Id.* 188; 71 *Id.* 80; 72 *Id.* 382; *Ib.* 586; 73 *Id.* 139.

2. Under the act both the agent and the company are liable to the penalty, under the police power of the State. 32 Fed. 722; 15 S. W. 43; 66 N. H. 342; 97 Ky. 207; 83 Ark. 249; 63 *Id.* 576; 67 *Id.* 566; 69 *Id.* 376, 378; 76 *Id.* 303; 65 *Id.* 521, 532; 71 *Id.* 556, 561; 74 *Id.* 303.

*W. F. Evans* and *W. J. Orr,* for appellee.

The act under consideration prescribes one penalty for the railroad company and another for the agent. This violates the 14th Amendment to the Constitution of thet United States. Equality of protection under the law implies that one person shall not be subjected for the same offense to any greater or different punishment than another. 106 U. S. 85; 159 U. S. 678; 113 U. S. 27. A railroad company is a person within the meaning of the 14th Amendment. 118 U. S. 394; 125 U. S. 181; 129 U. S. 26; 124 U. S. 386; 146 U. S. 649; 164 U. S. 592; 173 U. S. 690; 169 U. S. 518.

McCULLOCH, C. J. The grand jury of the western district of Lawrence County returned against appellee the following indictment (omitting caption):

"On the 13th day of August, 1908, the St. Louis & San Francisco Railroad Company, being a railroad corporation, op-

erating a line of railroad in this State, said company operating a line of railroad in and through the western district of said county, and passing through and by the town of Black Rock in said district and county, and said company then and there having and maintaining a station and depot at said place of Black Rock, and maintaining and having waiting rooms for passengers at said station and depot, and a waiting room for persons of the white race being situated in the said depot building near the ticket office of said defendant company, and being then and there used by the defendant company as a waiting room for white passengers, and such passengers being then and there in said waiting room, the said defendant, the St. Louis & San Francisco Railroad Company, in said county, district and State, did then and there unlawfully fail, neglect and refuse to supply said waiting room with wholesome drinking water, and did then and there fail, neglect and refuse to provide and supply, and to have and keep provided and supplied, said waiting room with any drinking water whatever, against the peace and dignity of the State of Arkansas."

The court sustained a demurrer on the following grounds:

"1. The said indictment does not charge any offense under the laws of the State of Arkansas against this defendant

"2. That the acts complained of are acts personal to the agent, and not to this defendant, and the duties herein imposed rest upon the said agent, and not upon this defendant."

It will be seen that the indictment charges appellee, a railroad corporation, with having refused and neglected to supply with drinking water one of the waiting rooms in the station at Black Rock, Arkansas. The indictment follows closely the language of the statute, and we think that it fully states facts constituting a violation of the statute, which reads as follows:

"All persons who own or operate any line or lines of railroad in this State shall keep separate waiting rooms now provided for in section 6622 in all depot buildings now erected or that may hereafter be erected, for the accommodation of their passengers, open both day and night for the free and unrestricted use of their said passengers. And that said waiting rooms shall at all proper times and seasons be comfortably

heated and at all times supplied with wholesome drinking water, and shall in all other respects be kept and maintained in a sanitary and clean manner." Kirby's Digest, § 6634.

The second ground of the demurrer is equally untenable. The statute in express terms makes both the railway company and the particular agent who neglects or refuses to perform the required acts guilty of a misdemeanor, and subject to a fine. A railroad corporation can act only through agents, and it is within the power of the Legislature to inflict penalties upon corporations for the conduct of their agents in failing to perform statutory duties.

In *State* v. *St. Louis & S. F. Rd. Co.,* 83 Ark. 254, this court held that the statute in question is not violative of the 14th Amendment to the Constitution of the United States. It is now pointed out by counsel for appellee in their brief that the court in the opinion in that case did not state the reasons for the decision, and they insist that the reasons must have been that the court deemed that part of the statute which requires that waiting rooms be comfortably heated, and at all times supplied with drinking water, to be applicable only to the particular agent of the railway company who fails to comply with its provisions. Such a conclusion cannot be drawn from the opinion in that case, for it involves an indictment against the company itself for failure to keep the waiting room comfortably heated and supplied with drinking water. The court decided that the indictment was void for uncertainty and duplicity, but that the statute was valid in its application to railroad corporations for failure to perform the specified acts. That is the only reasonable conclusion to be drawn from the decision.

It is argued that, if these provisions of the statute be construed to apply both to the railroad corporation and the particular agent who is guilty of the negligent omission, it is void on the ground of its discriminatory effect in imposing a larger fine upon the railroad corporation than upon the offending agent. It does not at all follow that this is an improper discrimination. The aim of the statute is to punish both the principal and the agent, visiting the greater punishment upon the principal. We are clearly of the opinion that this is permissible, and that it does not constitute an unjust and unreasonable discrimination.

The two classes of offenders occupy different attitudes; it is within the province of the lawmakers to determine which class shall suffer the greater punishment. In other words, neither the railroad corporation nor any other class of employers is denied the equal protection of the laws by a statute inflicting a severer punishment upon the principal than upon the agent.

In *Hayes* v. *Missouri,* 120 U. S. 68, Mr. Justice Field, delivering the opinion of the court, said: "The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed."

And in *Pembina Mining Co.* v. *Pennsylvania,* 125 U. S. 181, the same learned judge said: "The inhibition of the amendment that no State shall deprive any person within its jurisdiction of the equal protection of the laws was designed to prevent any person or class of persons from being singled out as a special subject for discriminating and hostile legislation."

Mr. Justice Bradley, in *Missouri* v. *Lewis,* 101 U. S. 22, in referring to this provision of the Fourteenth Amendment, said: "It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or class of persons in the same class or under like circumstances."

Counsel insist that the writ of error should be dismissed because it was not sued out within the time prescribed by the act of May 6, 1909. (Acts 1909, p. 636.) The judgment in this case was rendered prior to the passage of that act, and it is not applicable. *Rankin* v. *Schofield,* 70 Ark. 83.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer and to proceed further.