WILLIAMS v. STATE.

Opinion delivered December 20, 1909.

1.  COUNTY COURTS—DUTY TO REQUIRE SETTLEMENT OF COLLECTOR.—Acts 1905, p. 657, § 6, requiring certain officers of Benton County to make quarterly settlements with the county court, does not make it the duty of the county court to require such settlements. (Page 83.)

2.  JUDGES—NONFEASANCE—INDICTMENT.—If a county judge is liable to indictment, under Kirby's Digest, § 1874, for failure to require a sheriff to make a quarterly settlement of the fees and emoluments of his office, an indictment of a county judge for failure to make such

settlement is defective in failing to allege that the sheriff did not make the settlement. (Page 83.)

3. CRIMINAL LAW—SUFFICIENCY OF INDICTMENT.—An indictment should leave nothing to intendment, as an offense cannot be charged by implication. (Page 84.)

Appeal from Benton Circuit Court; *Joseph S. Maples,* Judge; reversed.

### STATEMENT BY THE COURT.

The grand jury of Benton County presented an indictment against appellant which (omitting formal parts) is as follows:

"Said Lon Williams, in the said county of Benton, in the State of Arkansas, being then and there duly elected, qualified and acting county judge of said county, and presiding over and holding the county court of said county, at its regular October term, 1908, unlawfully, wilfully and knowingly did fail to require James Hickman, the then and there duly elected, qualified and acting sheriff of said county, to settle with said county court of said county for the quarter ending September 30, 1908, by full and complete report in writing, and pay over to the treasurer of said county in kind all fees and emoluments of his said office collected by him and due said county and file with said quarterly report receipts therefor and an affidavit that he had complied with the law in regard thereto, and that his settlement was full and correct," etc.

Appellant demurred to the indictment on the following grounds:

1st. Because the indictment does not state facts sufficient to constitute a public offense.

2d. Because there is no penalty fixed by law against the county judge for a failure on the part of the judge of the county court to require the sheriff to settle for his fees and emoluments quarterly to the county court.

3d. Because said indictment is indefinite and uncertain as to what offense is attempted to be charged therein and does not state facts sufficient to constitute a public offense against any law in this State.

The demurrer was overruled. Appellant was tried, convicted and appeals.

*W. S. Floyd, W. D. Mauck* and *J. A. Rice,* for appellant.

Courts cannot create crimes by construction or implication. 19 L. R. A. 141. Act of 1905, p. 653, does not affect the emoluments of the sheriff. The alleged offense must be brought completely within the statute. 47 Ark. 488.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The indictment was based on § 7156, Kirby's Dig. Section 1874 prescribes the penalty. The indictment charging that the offense was committed unlawfully, wilfully and knowingly should be upheld. 31 Ark. 39; 53 Ark. 334. It is the duty of the sheriff to settle with the county court. Kirby's Dig., § 7162. The county court shall cause the sheriff to settle. *Id.* § § 7155, 7156, 7157, 7163. The county court can compel him to comply with its orders in this regard by attachment and imprisonment. *Id.* § § 7156, 7164, 7165, 7167.

WOOD, J. (after stating the facts.) Comparing the language of the indictment with the act of May 6, 1905, § 6 (pp. 653-7), it appears that appellant was indicted for failing to require the sheriff of Benton County to make settlement under that act. This act does not make it the duty of the county court to require such settlement. Therefore authority for indicting appellant, if it exists, must be found under section 1874 and sections 7155, 7156, 7163, Kirby's Digest. Conceding, without deciding, that section 6 of the act of May 6, 1905, applies to sheriffs, and conceding, without deciding, that the judge of the county court is liable under section 1874 if he fails to require the sheriff to make the settlement required by the act of May 6, 1905, § 6, the indictment is nevertheless fatally defective in that it failed to allege affirmatively that the sheriff did not make the settlement in the manner prescribed by the act *supra.* If the sheriff settled without being required to do so, the county judge would not be liable under section 1874 above for failing to make the requirement, for the obvious reason that requirement to make settlement under such circumstances would be unnecessary. Suppose the sheriff made the settlement, would the county judge be guilty then because he neglected or refused to require him to make it? Certainly not. Therefore an allegation that the sheriff failed to make the settlement is absolutely indispensable. There is no such allegation.

A criminal offense cannot be charged by implication. Nothing must be left to intendment. *Elsey* v. *State*, 47 Ark. 572; *State* v. *Ellis*, 43 Ark. 693; *State* v. *Davis*, 80 Ark. 310; *St. Louis & San Francisco Rd. Co.* v. *State*, 83 Ark. 249.

The judgment is therefore reversed, and the cause is remanded with directions to sustain the demurrer.