## Deborah Shelly *v.* John B. Dampman, Appellant.

*Superior Court—Appeals—Act of June 24, 1895.*

The act of June 24, 1895, P. L. 212, establishing the Superior Court became effective in all respects from and after July 1, 1895, and parties in pending actions at that date had three months from that time in which to enter their appeals.

The new system which was provided for by the Superior Court act was intended to apply in the future and not to the past.

Under the act of June 24, 1895, P. L. 212, establishing the Superior Court, an appeal taken after the expiration of three months from the date of the entry of the judgment in the court below, but within three months after July 1, 1895, is in time.

Argued March 4, 1896.   Appeal, No. 213, Jan. T., 1896, by defendant, from judgment of the Superior Court of Pennsylvania, No. 29, Nov. T., 1895, reversing the judgment of C. P. Berks Co., Feb. T., 1893, No. 55.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Affirmed.

Appeal from the Superior Court.

The facts appear by the report of Shelly v. Dampman, 1 Super. Ct. 115.

*Error assigned* was in overruling motion to quash the appeal.

*Richmond L. Jones,* for appellant.—The language of the act establishing the Superior Court is mandatory and admits of no qualification.   After the lapse of three calendar months from the date when a judgment is entered in the court below, no appeal lies to the Superior Court: Christner v. John, 171 Pa. 527 ; Lewis v. Lewis, 7 How. 776 ; Sohn v. Waterson, 17 Wall. 596 ; Bair v. Black, 10 W. N. C. 156.

*John F. Smith, Kaufman & Schrader* with him, for appellee.

OPINION BY MR. JUSTICE GREEN, March 27, 1896 :

The act establishing the Superior Court was approved the 24th day of June, 1895.   By its own limitation it went into effect on the 1st Monday of July, 1895.   There were but seven

days intervening between these dates, counting one of the days, and if the amount of the judgment determines the right to appeal there were but seven days within which that right could be exercised.   The verdict was for $150 only, and there was therefore no right of appeal to the Supreme Court after July 1, 1895, nor could there have been any appeal prior to June 24, because the act was not finally approved until that day.   That a period of seven days only for appealing could have been intended is not possible to conceive, as under the law regulating appeals and writs of error to the Supreme Court the time allowed was two years, and under the Superior Court act it is three months. We agree entirely with the views expressed in the opinion of the Superior Court on the motion to quash the appeal, and hold that the act of June 24, 1895, establishing the Superior Court became effective in all respects from and after July 1, 1895, which was the first Monday of the month, and hence that the parties in pending actions at that date had three months from that time in which to enter their appeals.   There is no question of jurisdiction arising on this record, but only a question of practice under the act.   When the Superior Court act in its 8th section provided that, " An appeal to the Superior Court must be taken and perfected within three calendar months from the date when the judgment, sentence, order or decree appealed from, was entered in the court below, otherwise the appeal shall be quashed upon motion," it must be taken to apply only to to judgments, orders, etc., entered after July 1, 1895.   It is perfectly clear to our minds that the new system which was provided for by the act was intended to apply in the future and not to the past.   Hence the provision in the 13th section that all proceedings on appeal or in error which may be pending before the Supreme Court on the 1st day of July, 1895, shall be disposed of by that court as if the act had not been passed, " but all proceedings on appeal or in error begun after that date shall be governed by the provisions hereof."   In the present case the proceeding by appeal was begun after July 1, 1895, to wit, on September 24, 1895, and it therefore comes precisely within the category last named.   It was not a " proceeding on appeal or in error " before July 1, 1895.   It is not necessary to add anything further to the clear and convincing opinion of the Superior Court.

Judgment affirmed.