### STEPHENS *v.* WILLIAMS.

### Opinion delivered January 31, 1916.

1. APPEALS—TIME—LIMITATION BY LEGISLATURE.—It is beyond the power of the Legislature to pass a statute cutting off the right of appeal under existing laws, but the Legislature has power to shorten the time for taking appeals, where it did not attempt to cut off the right.

2. APPEALS—LIMITATION UPON TIME FOR TAKING AN APPEAL.—Under Act No. 62, p. 205, Acts 1915, the time for taking appeals to the Supreme Court was shortened to six months from the date of the rendition of the judgment or decree to be appealed from; the act became effective June 11, 1915. *Held*, under the act, appeals taken from judgments or decrees, must be perfected within six months after the act became effective, even in the cases of judgments and decrees rendered prior to that time.

3. APPEALS—TIME FOR TAKING.—Appellant sought to appeal from a judgment rendered on February 4, 1915, and presented a prayer for an appeal to the clerk of the Supreme Court on January 27, 1916. *Held*, that the clerk properly refused to grant the appeal.

Appeal from Mississippi Chancery Court, Chickasawba District; *Chas D. Frierson*, Chancellor; rule denied.

McCULLOCH, C. J. The decree sought to be appealed from was rendered on February 4, 1915, and a prayer for appeal was presented to the clerk of this court on January 27, 1916, more than six months after the date of rendition. The clerk refused to grant the appeal and a rule on him is asked to compel him to do so.

The General Assembly of 1915 enacted a statute shortening the time for appeals to the Supreme Court to six months from the date of the rendition of judgments or decrees, except in cases of infants or persons of unsound mind, when an appeal may be taken within six months after the removal of such disabilities, or death. The new statute* is in the exact words of section 1199 of Kirby's Digest except that the words "one year" were stricken out and the words "six months" substituted. The act does not contain an emergency clause and therefore did not go into effect until June 11, 1915, which was three months after the adjournment of the Legislature. Does that statute apply so as to prevent an appeal from being taken more than six months after the passage of the act? The statute originally prescribed three years as the limit within which appeals might be taken to this court, but there was an amendment by the Legislature in 1899 shortening the time to one year after rendition of the judgment or decree. The first section of the Act of 1899 has been brought forward into Kirby's Digest as section 1199, and was the section amended by the present statute. It contained, however, another section which read as follows:

"Section 2. The parties to all judgments, orders or decrees rendered within two years prior to the passage of this act shall have one year from the time it shall take effect within which to pray an appeal or sue out a writ of error. The time for taking an appeal or suing out a writ of error on all judgments, final orders and decrees rendered more than two years prior to the passage of this act shall be three years from the date of the judgment, order or decree."

In *Rankin* v. *Schofield*, 70 Ark. 83, this court held that the first section of the Act of 1899 had no application to judgments or decrees rendered prior to the passage of the statute. That was an attempt on the part of an infant to appeal more than six months and less than a year after coming of age, from a decree rendered more

---

*Act 62, p. 205, Acts 1915 (Rep.)

than three years before the passage of the statute. In analyzing and construing the statute, the court found that the last clause of the second section was an attempt to cut off the right of appeal in all cases where the judgment was rendered more than two years prior to the passage of the statute, and that for that reason it was unconstitutional and void.

The present statute is, however, different for the reason that it contains no express provision for time for appeals in cases where judgments or decrees have been rendered prior to the enactment, and the construction of the statute is unaided by any other section containing a provision of that sort, as was the case in the old Act of March 16, 1899. It was, of course, beyond the power of the Legislature to pass a statute cutting off the right of appeal under existing laws, but the Legislature had the right to shorten the time for taking appeals where it did not cut off that right. In other words, it was evidently the purpose of the Legislature to give only six months within which to take an appeal, and there is no reason to believe from the language used, that it was meant to give longer than that after the passage of the statute, even in cases of decrees that had been rendered prior to that time. *Wilson* v. *Kryger,* 26 N. D. 77, 51 L. R.A. (N. S.) 760; *Rogers* v. *Trumbull,* 32 Wash. 211, 73 Pac. 381; *Bailey* v. *Kincaid,* 57 Hun (N. Y.) 516; *Lewis* v. *Lindsay,* 33 Ala. 304; *Stephen* v. *Lewis,* 62 Md. 229; *Shelly* v. *Dampman,* 174 Pa. 495; *Beebe* v. *Birkett,* 108 Mich. 234. It being the purpose of the Legislature to shorten the time to six months, appellant is not deprived of any constitutional right by compelling him to take his appeal within the time specified by the new statute.

The decision in *State* v. *St. L. & S. F. Rd. Co.,* 92 Ark. 74, is not, when considered in the light of the facts of that case, in conflict with the conclusion now reached. The Act of May 6, 1909, reduced the time for granting writs of error in criminal cases to sixty days after judgment of conviction, and the writ of error in that case was granted on June 1, 1909, which was within the time al-

lowed by the old statute and also within sixty days after the new statute went into force. The effect of that decision was merely to establish the rule that the new statute did not apply to judgments previously rendered so as to shorten the time in such cases to less than the full period prescribed by the new statute.

. It follows that the appeal in this case was prayed too late, and that the clerk was correct in refusing to accept and file the transcript. The rule on the clerk is denied.

HART, J., (dissenting). I dissent from the opinion of the court on the ground that it in effect overrules *Rankin* v. *Schofield,* 70 Ark. 83. In that case the court said, ''The first section is prospective in its operation. It applies only to appeals from judgments, orders and decrees rendered after the act took effect. This is the general rule of construction.'' In order to strengthen the general rule the court said, ''That it is the true rule to apply to this section is manifest when considered in connection with the second section.''

Section 1 of the act, in that case is the same as the present act except the time for taking appeals is six months instead of one year.

The language first quoted was used by the court in construing section 1 of that act separate and apart from section 2. What follows was an additional reason by the court for the construction already placed upon section 1.

In 3 Corpus Juris., p. 329, the authors said, ''Unless it is evident from the term of a statute, which gives, takes away, or modifies the remedy by appeal or other mode of review, that it was intended to have a retroactive effect, it applies only to cases pending and undetermined at the time when it goes into effect, and has no application to causes in which judgments have been entered prior to that time.'' The case of *Rankin* v. *Schofield, supra,* is cited to support the text.

In a case note to 51 L. R. A. (N. S.), p. 761, the author said, ''It is a general rule of construction that statutes shortening the time within which appeals or pro-

ceedings in error can be taken do not, in the absence of language showing clearly a legislative intention to the contrary, apply to judgments, decrees, or orders rendered or entered before such statutes took effect.''

Again the case of *Rankin* v. *Schofield* is the first case cited to sustain the text. Retrospective laws have always been regarded unfavorably and I do not think there is anything in the present act to show that the Legislature intended that it should have any different construction than that placed on the first section of the former act by the opinion of the court in the language quoted. The effect of that language is not taken away because the court gave an additional reason for its correctness.

Mr. Justice WOOD concurs in the dissent.