(No. 11336.—Judgment affirmed.)

THE PONTIAC MUTUAL COUNTY FIRE AND LIGHTNING INSURANCE COMPANY, Appellee, *vs.* W. M. SHEIBLEY, Appellant.

*Opinion filed June 21, 1917.*

1. INSURANCE—*insurance company cannot bring action in its own name against one who has caused loss by fire.* Where a loss by fire has been caused by the action of a wrongdoer and the insurance company has paid the loss it cannot maintain an action in its own name against the wrongdoer, but the suit must be brought in the name of the property owner, for the use of the insurer.

2. SAME—*when both insurer and insured are bound by judgment in a suit against wrongdoer.* Where an insurance company which has paid the amount of a fire insurance policy actively assists the insured in the prosecution of a suit against the wrongdoer who caused the loss, the judgment is conclusive on both the insurer and the insured as to the value of the property destroyed.

3. SAME—*when acceptance by insured of insurance company's offer to pro rate in case of compromise with wrongdoer is not material.* Where an insurance company, which has paid the amount of a fire policy for $800 and actively assisted the insured in prosecuting a suit against the railroad company causing the loss, wherein a judgment for $4000 was recovered, offers to assist the insured in defending an appeal or to accept $600 instead of $800 in case the insured chose to compromise the judgment, the insurance company is entitled to recover the $600 if the insured compromises the judgment, and it is not material whether the insured verbally accepted or refused the offer.

4. SAME—*when evidence of expenses of insured for attorney's fees in suit against wrongdoer is not admissible in action by insurer against the insured.* In an action by an insurance company against the insured to recover a sum it had offered to accept if the insured compromised the judgment it had assisted him in recovering against the railroad company which caused the fire, evidence of the expenses of the insured for attorney's fees in the suit against the railroad company is not admissible, where the insurer assumed an equal burden with the insured in the trial of that suit.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

Arthur H. Shay, for appellant.

Bert W. Adsit, for appellee.

Mr. Justice Cooke delivered the opinion of the court:

W. M. Sheibley, appellant, owned a barn which was insured for $800 by appellee, the Pontiac Mutual County Fire and Lightning Insurance Company. On October 14, 1913, this barn and other buildings and property belonging to appellant were destroyed by a fire which was claimed to have been started by sparks from a locomotive engine of the Chicago and Alton Railroad Company. Appellee paid appellant the amount of its policy and soon afterward appellant commenced suit in the circuit court of Livingston county against the railroad company. This suit was begun after a conference between the respective attorneys of appellant and appellee, who decided that it was advisable to bring the suit for the joint interests of their clients. Appellee, through its attorney, assisted in the preparation of this cause for trial and in the trial of the case. Appellant claimed that the total amount of his loss was $4800. He obtained a verdict for $4000. The railroad company moved for a new trial, and this motion was resisted by appellant and was overruled and judgment was rendered on the verdict. The railroad company perfected an appeal from this judgment and thereafter offered to pay $3000 in full settlement. At the request of appellant the officers of appellee and their attorneys met with appellant and the attorney for the railroad company to discuss the settlement. At this conference appellee advised appellant that if he chose to settle for $3000 it would pro rate with him and accept $600 as its share of the proceeds, but that if he thought it best to carry the case to the Appellate Court it would assist him in that court. Appellant afterward accepted $3000 in satisfaction of the judgment. He refused to pay appellee any part of the money recovered and appellee brought this

suit against him in the circuit court of Livingston county, which resulted in a judgment for $600. This judgment was affirmed by the Appellate Court, a certificate of importance was granted, and the cause has been brought to this court by appeal.

The instructions given by the trial court in effect directed a verdict for appellee. Appellant insists that the trial court erred in refusing to give a peremptory instruction directing a verdict in his favor, and contends that where an assured has recovered a portion of his loss from a wrongdoer and a portion from an insurance company, and the total sum collected from both is less than his total loss, the insurance company is not entitled to anything from the assured. The right of action against the railroad company was in appellant. Where a loss by fire has been caused by the action of a wrongdoer and the insurance company has paid the loss it cannot maintain an action in its own name against the wrongdoer. The suit must be brought in the name of the property owner, for the use of the insurer. (*Peoria Ins. Co.* v. *Frost,* 37 Ill. 333.) Appellant advised with appellee in reference to instituting a suit against the railroad company, and it was agreed that the action should be brought for their joint interests. Appellee actively assisted in the preparation and trial of the case. While appellant claimed then, and still claims, that his total loss was $4800, as between him and appellee it was conclusively determined in the suit against the railroad company that his total loss was $4000. Where a suit is brought in the name of one party for the benefit of another who directs and advises the same, the latter, though not a formal party to the suit, is privy in interest and will be concluded by the judgment. *Cole* v. *Favorite,* 69 Ill. 457; *Anderson* v. *West Chicago Street Railroad Co.* 200 id. 329.

The cases relied upon by appellant to sustain his position are all cases in which the insurance company, after request, declined to participate or assist in the prosecution

of the claim against the wrongdoer, and the holdings in those cases are not in point here. In this case the insurance company not only requested that the claim against the railroad company be prosecuted, but assisted actively in the prosecution and bore its share of the burden of preparing the case for trial and of the trial. The judgment of the circuit court in the suit against the railroad company is conclusive upon all the parties to that suit, including appellee, that the value of the property destroyed was $4000. Of that amount appellee was entitled to receive $800, the amount it had paid appellant upon its policy of insurance.

Appellant further contends that an assured who recovers a portion of his loss from the insurance company and afterward institutes suit and obtains judgment against the wrongdoer may compromise that judgment, if he acts in good faith, where the insurance company, after due notice of the proposed settlement, has declined to assume the burden and risk of continuing the litigation; and if the total amount received from the insurer and the wrongdoer is less than the amount of his loss he is not liable to the insurer for the return of any portion of the amount paid under the policy. It is not denied that appellee proposed to appellant that he could use his own judgment in the matter of settlement and if he settled it would pro rate with him and accept the sum of $600, and if he did not compromise it would furnish counsel to assist on appeal as it had in the trial court. Witnesses for appellee testified that appellant made no reply to this proposition, while, on the other hand, witnesses for the appellant testified that he stated that he would not pay $600. It is not contradicted that afterward appellant talked with one of the officers of appellee about the compromise and was informed that while the officer would not advise him whether he should make the settlement, if he did compromise the claim appellee would accept $600 as its share.

Appellant complains that the court refused to admit evidence that after that time, and before the compromise was effected, appellant had repeatedly stated that he would refuse to pay appellee $600, and also complains that the court refused to permit him to prove the amount he had expended for attorneys' fees in the trial of the case against the railroad company. As we view the case it is immaterial whether appellant accepted or refused the offer of appellee to take $600 in case a settlement was made of the claim for $3000. Appellee did not advise the settlement, but offered, in case appellant preferred not to settle, to assist in the Appellate Court as it had done in the trial court. If there were other expenses which the appellant thought appellee should help bear in connection with the appeal in the Appellate Court he should have so stated at the time, or have relied upon making an adjustment of such expenses after the determination of the case in the Appellate Court. As the matter stood after the judgment in the circuit court, the total value of the property destroyed, both that which was covered by insurance and that which was not, was $4000, of which sum appellee was entitled to $800. Appellant was left to use his own judgment as to whether he would make a compromise settlement. He evidently considered it to his own interest and advantage to make this settlement, and he was benefited by the offer of appellee to the extent of $200. Without this offer and in the event of a settlement without its consent appellee would have been entitled to recover the full amount of $800. Appellant was not entitled to have taken into account the amount he had expended for attorneys' fees in the trial of the case against the railroad company. Appellee assumed an equal burden in the trial of the case, and the court properly excluded this testimony.

We perceive no error in the record, and the judgment of the Appellate Court is affirmed.     *Judgment affirmed.*