WEBSTER *v.* HORTON.

4-3297

Opinion delivered January 22, 1934.

612

*Arthur D. Chavis,* for appellant.

*E. W. Brockman,* for appellee.

JOHNSON, C. J., (after stating the facts). The decree of February 27, 1932, became conclusive and binding upon all parties thereto at the expiration of six months after its rendition, no appeal having been prosecuted therefrom. Section 2140, Crawford & Moses' Digest. *Stephens v. Williams,* 122 Ark. 255, 183 S. W. 527; *Newall v. Valley Farming Company,* 133 Ark. 456, 202 S. W. 838. Therefore all asserted claims and rights of the Websters are precluded thereby.

The rights of appellant, Curtis K. McAdams, under and by virtue of his intervention were expressly reserved by the court for future determination; therefore his rights are not precluded as the other appellants are.

Appellant Curtis K. McAdams asserts superior rights under and by reason of the supplemental decree entered by the chancery court of Jefferson County on January 21, 1930, in the then pending case of C. H. Triplett Company against appellees, the effect of which supplemental decree was to advance his mortgage from a second to a first lien against the minors' homestead. This supplemental decree was void, because the attorney representing the minors had no authority in law or in fact to make such an agreement. This court has many times held that neither a guardian nor the attorney representing such guardian has any authority to make agreements or admissions to the prejudice of the ward's interest. *Frazier v. Frazier,* 137 Ark. 57, 207 S. W. 215. In the case of *Rankin v. Schofield,* 70 Ark. 83, 66 S. W. 197, we said: "In the absence of authority given by statute, the general rule, says Mr. Rodgers, is that a guardian cannot agree to any compromise or settlement by which the property interests of his ward are affected without the

concurring sanction of the court, to which he must look for authority to bind his ward. Rodgers, Domestic Relations, 859. The recitals of the record, *supra,* show affirmatively that the chancellor performed no judicial act of investigation into the merits of the controversy, before entering the decree. On the contrary, that was purposely avoided, out of considerations of mere expediency, 'to put an end to tedious litigation, and as an amicable settlement and adjustment of a family affair.' Such added dignity to the compromise of the guardian did not make it any the less his compromise. In the face of such a record, we cannot indulge the maxim, '*Omnia praesumuntur rite et solemniter esse acta.*'

"It was plainly not the compromise of the court. There was nothing to show that it was for the benefit of the infant. The facts shown by this record do not bring the appellant within the maxim of *consensus tollit errorem* and bar her right of appeal."

As was said by this court in the Rankin case, *supra,* this agreement was plainly not the compromise of the court. There was nothing to show that it was for the benefit of the minors. The effect of the supplemental decree was to use the minor's insurance money for the sole and only purpose of advancing the second mortgage of Curtis K. McAdams to a first lien against their homestead. Moreover, it must be remembered that Curtis K. McAdams was an uncle of the minors, and they were entitled to his best advice and honest judgment. The trial court concluded, and we concur therein, that the effect of this supplemental decree was to advance the interests of Curtis K. McAdams, to the prejudice and detriment to the right of the minors.

It is next contended that the trial court erred in rendering the decree of February 27, 1932, subrogating the guardian and wards to all the rights of the C. H. Triplett Company under and by virtue of its mortgage. Neither can we agree with this contention. In *Southern Cotton Oil Co.* v. *Napoleon Hill Cotton Co.,* 108 Ark. 555, 158 S. W. 1052, the rule in reference to subrogation was stated as follows: "The doctrine of subrogation is an

equitable one, having for its basis the doing of complete and perfect justice between the parties, without regard to form, and its purpose and object is the prevention of injustice."

The decree granting subrogation in the instant case pronounced exact justice and equity between the parties. Appellant, Curtis K. McAdams, knew when he accepted his mortgage against this homestead that it was a second lien thereon, and second to the C. H. Triplett Company mortgage; he knew that the C. H. Triplett Company mortgage must be paid and satisfied prior to his mortgage. Therefore the decree of subrogation places him in no worse position than he was when he accepted his mortgage. On the other hand, refusal to grant subrogation in the instant case would cause the minors not only to lose their homestead but the insurance money which was applied on the C. H. Triplett Company mortgage. Exact justice and equity can be effected only by granting the right of subrogation to these minors.

Since the trial court's decision conforms to the views here expressed, the same must be affirmed.