WASHINGTON FIRE & MARINE INSURANCE CO. *v.* HAMMETT.
5-3226                                                377 S. W. 2d 811

Opinion delivered April 13, 1964.
[Rehearing denied May 11, 1964.]

*Frank Lady,* for appellant.

*W. B. Howard, Jack Segars,* for appellee.

GEORGE ROSE SMITH, J. The appellee brought this suit for a declaratory judgment. She seeks to determine whether her attorney, W. B. Howard, is entitled to charge the appellant, her automobile collision insurer, an attorney's fee for having recovered the full amount of a subrogation claim held by the insurance company. This appeal is from a decree permitting Howard to retain 40% of the recovery as his fee.

In May of 1962 the appellant issued a $50 deductible policy of collision insurance to the appellee. On October 1 the appellee suffered personal injuries and property damage in a collision with Ray Purcell's car. The appellant promptly paid all but $50 of the property damage (which amounted in all to $289.94) and took a subrogation agreement from the appellee. On October 29 the appellant sent a form letter to Purcell, warning him not to settle his liability without reimbursing the insurer for its claim. On November 11 the company again wrote to Purcell, stating that if it did not hear from him with ten days it would have no alternative except to file suit. The company did not in fact bring an action or take any further steps to enforce its claim against Purcell.

On November 21 the appellee employed Howard under a contract fixing a contingent fee of 40% of any sum obtained by compromise settlement. Howard filed suit against Purcell on February 27, 1963, seeking to recover both for his client's personal injuries and for her property damage. In March a compromise settlement was reached with Purcell's insurer. That company issued two checks, one for the personal injury claim and the other, in the amount of $289.94, for the property damage. The latter included both the appellant and the appellee as payees. This suit was filed when the parties were unable to agree upon Howard's right to a fee.

The subrogation agreement provided that the insured should do nothing after the loss to prejudice the rights of the insurer. It is now insisted that the appellee breached the contract by filing suit for the property damage and by entering into the compromise settlement.

This argument is without merit. The appellee was entitled to file the action in her own name, the insurer not being a necessary party. *McGeorge Contracting Co. v. Mizell,* 216 Ark. 509, 226 S. W. 2d 566. Moreover, since the appellee's cause of action against Purcell could not be split, the insurer's claim for property damage would have been destroyed if Mrs. Hammett had failed to include that count in her complaint. *Motors Ins. Corp.* v. *Coker,* 218 Ark. 653, 238 S. W. 2d 491. The appellant is charged with knowledge of the rule of law permitting the insured to bring an action for all the property loss. If the appellant wished to be informed of the filing of any such suit, so that it might intervene, it could have inserted such a requirement in the subrogation agreement. That was not done.

We do not perceive that the appellee's action in compromising the property damage claim for its full amount was prejudicial to the rights of the insurer. In fact, if the appellee had paid over the entire proceeds of settlement to the insurer there would have been no dispute between the parties. Hence if the appellant's rights have been prejudiced it is not because of any conduct on the part of the insured but because in the circumstances the law allows her attorney to collect a fee.

The appellant's real grievance lies in having to pay a fee to an attorney not of its own choice. Subrogation, however, is governed by equitable principles. *Webster* v. *Horton,* 188 Ark. 610, 67 S. W. 2d 200. If the appellant had employed its own attorney and had actively participated in the action against Purcell it could not fairly have been compelled to contribute to Howard's fee. *Pontiac Mutual County, etc. Co.* v. *Sheibley,* 279 Ill. 118, 116 N. E. 644. But when the insurance company has benefited from the work done by the insured's attorney there is no inequity in requiring it to bear its fair share of the collection expense. An almost identical case so holding is *United Services Automobile Assn.* v. *Hills,* 172 Neb. 128, 109 N. W. 2d 174. Other cases recognizing the insurer's duty to contribute to the expense of collection include *Brown* v. *T. W. Phillips Gas & Oil Co.,* D.C. Pa.,

105 F. Supp. 479; *Shawnee Fire Ins. Co.* v. *Cosgrove,* 85 Kan. 296, 116 Pac. 819, 41 L.R.A. (n.s.) 719; *Newcomb* v. *Cincinnati Ins. Co.,* 22 Ohio St. 382, 10 Am. Rep. 746; *Powers* v. *Calvert Fire Ins. Co.,* 216 S. C. 309, 57 S. E. 2d 638, 16 A.L.R. 2d 1261. There is no contention that a 40% fee for collecting this small claim is unreasonably high.

The appellant also relies upon a second instrument executed by Mrs. Hammett, called a Loan Receipt. This document recites that she will not make a settlement or give a release without the written consent of the insurer. Howard actually gave the appellant notice of the proposed settlement a week before it was consummated. Inasmuch as Purcell's insurer paid the full amount of the property loss the appellant had no valid reason for withholding its consent. Hence it is not in a position to complain of the fact that its consent was not obtained.

Affirmed.