# Fuoti v. State Farm Mutual Automobile Insurance Co.

*Edward N. Cahn,* for plaintiff.

*John P. Thomas,* for defendant.

WIEAND, J., March 19, 1968.—The complaint in this action of assumpsit contains two counts, each of which sets forth a separate claim. Defendant has filed a preliminary objection in the nature of a demurrer to each count.

In the first count of the complaint, it is alleged that Anthony J. Fuoti sustained personal injuries in an automobile accident on February 24, 1966, as a result of which he incurred medical expenses in excess of $1,000. On the date of the accident, he was insured by State Farm Mutual Automobile Insurance Company by virtue of a policy of insurance which included medical pay coverage with a limit of $1,000. The policy

of insurance had been issued to plaintiff on June 16, 1965, for a period of six months and had been renewed on December 16, 1965, for a like period. When plaintiff made claim for $1,000 under the medical pay provisions of the policy, defendant insurance company requested that he sign a loan receipt and release which would allow defendant to be subrogated against the third party tortfeasor. Although admittedly entitled to require this loan receipt and release by the terms of the policy, plaintiff refused to execute the same. Consequently, his claim under the medical payments clause of the policy was not paid.

Thereafter, plaintiff brought an action in trespass against the third party tortfeasor to recover for personal injuries and property damage sustained in the accident. He recovered in that action an amount which exceeded all of the medical expenses which he had incurred. His insurance company thereafter refused to pay the claim under the medical pay provisions of the policy because plaintiff had already recovered all of his medical expenses from the third party tortfeasor and the insurer would, in any event, be entitled to reimbursement from the moneys so recovered for any payments made under its policy.

Plaintiff bases his present claim upon representations and warranties allegedly made by defendant's agent at the time when the policy of insurance was sold to plaintiff. The agent represented, it is averred, that medical payments provided for by the policy were not subject to reimbursement from moneys recovered as medical expenses from a third person. This representation, it is alleged, was made fraudulently, or in conscious ignorance of the truth, or negligently. . . .

The second count of plaintiffs' complaint, although sounding in assumpsit, is in reality a request for a declaratory judgment. Although the procedure is somewhat irregular, defendant insurer has not ob-

jected but, on the contrary, has joined therein. Counsel for both parties have submitted additional facts by stipulation and have requested this court to decide whether plaintiff can have a cause of action.

In the accident of February 24, 1966, plaintiff's vehicle was damaged to the extent of $1,074.00. Pursuant to the provisions of the policy pertaining to collision losses, the defendant insurance company paid to plaintiff his property damage claim, less $50, and became subrogated to the extent of such payment against the third party tortfeasor. Before instituting suit on behalf of plaintiff against the third party tortfeasor, plaintiff's attorney requested permission from defendant insurance company to include the latter's subrogation claim in the same action. Defendant replied that it could not assign this claim to plaintiff's counsel because it intended to prosecute the same in a different manner. Despite defendant's instructions, counsel for plaintiff included the property damage claim in the action brought against the third party and recovered the same in full, together with damages attributable to the personal injury aspect of the case. Counsel fees in that action were paid by plaintiff, who now seeks to recover a proportionate part thereof from the moneys payable to defendant on account of its subrogation interest. As the issue comes before this court, plaintiff and his counsel hold a check for $1,024 made payable to plaintiff, defendant, and plaintiff's attorney. Plaintiff will not surrender the check without reimbursement for counsel fees paid in the amount of $307.20; and defendant demands the entire amount of $1,024.00.

Counsel for the parties have not called our attention to any appellate court decisions in this state wherein this issue has been resolved. Similarly, our research reveals none. In those jurisdictions where this question has been considered, however, the deci-

sions have uniformly permitted recovery of a proportionate part of counsel fees from the subrogated insurer. Thus, in the leading case of United Services Automobile Association v. Lyle Q. Hills, 172 Neb. 128, 109 N. W. 2d 174, 2 A.L.R. 3d 1422, decided in 1961, the Supreme Court of Nebraska held the rule to be "that where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plaintiff's action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees". This rule was subsequently followed by the Florida Court of Appeals in Forsyth v. Southern Bell Telephone and Telegraph Company, 162 So. 2d 916 (1964) and by the Supreme Court of Arkansas in Washington Fire & Marine Insurance Co. v. Hammett, 237 Ark. 954, 377 S. W. 2d 811 (1964). These decisions, although not binding, contain reasoning which is persuasive.

The rule is based upon the equitable principle that an attorney who renders services in recovering a fund in which a number of persons are interested may be allowed compensation from the fund if his services are rendered on behalf of and are a benefit to the common fund: 7 C. J. S. 1098, Attorney and Client, §193b(2). It is an expansion of the doctrine announced early in the decisions that where an action against a third person is prosecuted in good faith by an insured for the benefit either wholly or in part of the insurer, the latter may be required to contribute to the payment of the expenses of prosecuting the action by which a recovery was effected for its benefit: Brown v. T. W. Phillips Gas & Oil Co., 105 F. Supp. 479 (W. D. Pa.); Aetna Insurance Company v. Confer, 158 Pa. 598; 46 C. J. S., p. 188, Insurance, §1215(a).

It is argued, however, that the efforts of plaintiff and his counsel were not in good faith because they

had been instructed by defendant's adjuster that the subrogation claim should not be handled by plaintiff's attorney. This fact is not controlling. Plaintiff was entitled to file an action in trespass and claim therein all losses which he sustained as a result of the conduct of the third party tortfeasor, subject only to the insurer's right to participate in any recovery to the extent of its subrogation rights. Moreover, since plaintiff's action against the third party could not be split, the insurance company's claim for property damage would have been lost if it had not been included in plaintiff's complaint. Plaintiff had an affirmative duty to do nothing that would prejudice the insurer's claim: Thomas C. Manley v. Montgomery Bus Co., Inc., 82 Pa. Superior Ct. 530. To include the subrogation claim in his action, therefore, was not bad faith. It is to be observed also that defendant's subrogation claim was recovered in full. It cannot be contended, therefore, that defendant's claim was prejudiced in any way by plaintiff's handling thereof. Compare Cary v. Phoenix Insurance Company, 83 Conn. 690, 78 Atl. 426.

Whatever defendant's intentions may initially have been concerning the means to be used in prosecuting its subrogation claim, it now seeks to pursue its equitable rights of subrogation against the avails of the settlement established by plaintiff's efforts. Both justice and equity require that defendant pay its proportionate part of the expenses, including attorney's fees, incurred by plaintiff in establishing the fund from which defendant now seeks to benefit. See United Services Automobile Association v. Hills, supra.

The insurer was not without protection. It could have employed its own counsel and cooperated with plaintiff's counsel in prosecuting the cause of action against the third party tortfeasor. If State Farm Insurance Company had made common cause with Fuoti

in his action to recover all the damages to which he was entitled, it would have been obligated only to its own attorney for fees incurred for services which he would have rendered in the case. It would, in that event, not have been obligated to pay any part of the fees due plaintiff's attorney: Pontiac Mutual County Fire and Lightning Insurance Company v. Sheibley, 279 Ill. 118, 116 N. E. 644; Forsyth v. Southern Bell Telephone and Telegraph Company, supra; Washington Fire & Marine Insurance Company v. Hammett, supra.

The present posture of this case does not require an expression of opinion as to the manner of determining the amount of fees which defendant can be required to pay. It is to be observed, however, that when the amount of counsel fees was considered in Brown v. T. W. Phillips Gas & Oil Co., supra, the United States District Court for the Western District of Pennsylvania said: "We feel, however, that the contingent fee contract which exists between plaintiffs and their counsel is not binding upon the insurance carriers. Counsel for the plaintiffs are entitled to fair and reasonable compensation for their work. ... If the parties are unable to agree upon compensation for counsel for the plaintiffs, it will be necessary for the court to take testimony and determine what constitutes fair and reasonable compensation for plaintiffs' counsel".

ORDER

And now, March 19, 1968, it is ordered that defendant's preliminary objection in the nature of a demurrer to the first count of plaintiff's complaint be and it is hereby sustained, and judgment thereon is entered in favor of the defendant. Defendant's demurrer to the second count of the complaint, however, is dismissed, and defendant is directed to file an answer thereto within 20 days after service of a copy of this order upon its counsel.