INDEPENDENT SCHOOL DISTRICT NO. 454, FAIRMONT, MINNESOTA, Plaintiff,

v.

STATISTICAL TABULATING CORPORATION, a Delaware corporation, Defendant.

No. 72 C 2842.

United States District Court, N. D. Illinois.

May 31, 1973.

**1096**

William K. Johnson and Warren C. Ingersoll, of Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

Frank M. Covey, Jr. and Louis M. Rundio, Jr., of McDermott, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint.

The plaintiff, Independent School District No. 454, Fairmont, Minnesota ("School District"), is a public corporation created, organized and existing under the laws of Minnesota. The plaintiff maintains and operates a public school system in Fairmont, Minnesota. The defendant is Statistical Tabulating Corporation ("Statistical"), a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in the City of Chicago, State of Illinois.

This is a diversity action for negligence and breach of implied warranties against the defendant which had provided certain statistical computations which allegedly caused damage to the plaintiff. Defendant allegedly supplied inaccurate information to the School District which was relied on to obtain insurance on School District property. When one of the plaintiff's schools was destroyed by fire, plaintiff was underinsured and thus incurred damages in replacing the destroyed structure. The plaintiff seeks to recover $238,000 in damages plus interest and costs.

The following factual background is important in assessing the merits of the instant motion. In April of 1971 the School District brought suit in the United States District Court, District of Minnesota, against Marshall & Stevens Company, a Delaware corporation. The complaint in that action alleged that the School District contracted with Marshall & Stevens to appraise the value of Fairmont Junior High School; Marshall & Stevens did supply an appraisal value; a policy of fire insurance was obtained by the School District on the basis of that appraised value; Marshall & Stevens was negligent in supplying an appraisal value substantially below the replacement cost; and the school was destroyed by fire; and because the school was inadequately insured, the School District was damaged.

Marshall & Stevens then filed a third-party complaint in that action against Statistical, a Delaware corporation, and the defendant in instant action, making the following allegations:

(1) at a time prior to the date of the appraisal of the school it had contracted with Statistical for the processing of statistical data; (2) Statistical had processed information regarding the appraisal value of the school; (3) Marshall & Stevens based its appraisal upon the data processed by Statistical; (4) Statistical was negligent and/or breached express and implied warranties by supplying inaccurate and incorrect information; (5) the liability of Marshall & Stevens, if any, to the School District was the result of the negligence of and/or breach of warranties by Statistical; and (6) Statistical was liable to Marshall & Stevens and the School District for any damages sustained by the School District or awarded against Marshall & Stevens.

Statistical moved to quash the service of process in that action on the grounds that the District Court lacked personal jurisdiction over it. The motion was granted by the Minnesota District Court. See Independent School District v. Marshall & Stevens Co., 337 F.Supp. 1278 (Minn.1971). Thereafter Marshall & Stevens made demands upon Statistical to indemnify it for any settlement it might make with the School District. The School District and Marshall & Stevens entered into a settlement of the action in the amount of $238,000. This settlement is evidenced by a loan receipt dated August 8, 1972.

On November 10, 1972 the plaintiff School District instituted the instant action against the defendant Statistical. On November 14, 1972 School District and Marshall & Stevens Company instituted an action against Statistical in the Circuit Court of Cook County, Illinois. Counts I and II of the state court action closely parallel the instant cause of action. Count III of the state court action pleads, in the alternative, that Statistical should indemnify Marshall & Stevens Company for the damages it suffered via the settlement because of Statistical's negligence.

The defendant Statistical in support of the instant motion to dismiss contends that:

1.  The real party in interest in the instant action is Marshall & Stevens; since the real party in interest is a Delaware corporation there is no diversity; thus there is no federal jurisdiction and the action should be dismissed pursuant to Rule 17(a) of the Federal Rules of Civil Procedure.

2.  The School District was not a party or in privity to the contract between Marshall & Stevens and Statistical. In fact, School District had no direct contacts with Statistical. School District has failed to adequately state a claim upon which relief can be granted because it has not and cannot sufficiently set forth facts or law which would allow it to recover damages on a contract for services as a non-party to such a contract.

The plaintiff in opposition to the instant motion contends that the School District is a proper party to maintain this action arising out of damage to its own building and it has properly stated a cause of action against the defendant.

It is the opinion of this Court that the plaintiff has stated a cause of action and that the School District is a real party in interest.

I.  THE COMPLAINT STATES A CAUSE OF ACTION ON BEHALF OF THE SCHOOL DISTRICT.

It is clear that the Illinois Supreme Court has done away with the primitive and artificial concept of privity and held that one may be liable to another for providing inaccurate information which was relied on and caused economic loss, although there was no direct contractual relationship between the parties. Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656 (1969).

The allegations of the complaint specifically state that Statistical knew that the information it provided would be used by the School District to obtain replacement insurance on its junior high school building (See Paragraph 12(b) of the complaint). It would be anomalous to conclude at this stage of the proceedings that defendant did not know that the plaintiff owned the property in question and that its error and/or negligence would cause damage to that party.

The Court in *Rozny* set forth the following factors as relevant to its ruling extending liability to third parties whose relation was foreseeable by the negligent parties:

1. The express, unrestricted and wholly voluntary "absolute guarantee for accuracy" appearing on the face of the inaccurate plat;

2. Defendant's knowledge that this plat would be used and relied on by others than the person ordering it, including plaintiffs;

3. The fact that potential liability in this case is restricted to a comparatively small group, and that, ordinarily, only one member of that group will suffer loss;

4. The absence of proof that copies of the corrected plat were delivered to anyone;

5. The undesirability of requiring an innocent reliant party to carry the burden of a surveyor's professional mistakes;

6. That recovery here by a reliant user whose ultimate use was foreseeable will promote cautionary techniques among surveyors.

With the exception of the guarantee, all of the factors present in *Rozny* are present in this case.

The defendant was alleged to know that the computations would be used by the School District and that potential liability was restricted to a comparatively small group, in fact, ultimately to School District as owner of the property. No corrections were ever made to the statistical computations. It would be undesirable to require an innocent party who relied upon such information to carry the burden of a defendant's mistakes. Recovery by a foreseeable user will promote cautionary techniques among computer operators.

The absence of a voluntary guarantee has little importance in this case since neither negligence liability nor liability for breach of warranty has ever been predicated upon a defendant stating that it will do the work accurately. The duty to do work reasonably and in a workmanlike manner has always been imposed by law, and not by a defendant's gratuitous comments. It would be impractical and unjust to rule that a defendant could escape liability merely by failing to guarantee his work.

It is apparent that the plaintiff in its complaint has adequately stated a cause of action.

## II. THE SCHOOL DISTRICT IS A PROPER PARTY TO MAINTAIN THIS ACTION.

It is clear from the above discussion that the School District has a proper legal theory on which to base a cause of action against the defendant Statistical. However, Statistical claims that the School District is not the real party in interest pursuant to Rule 17(a). Further, Statistical contends that regardless of whether the School District could have originally brought suit against it, it can no longer sue Statistical because it was loaned funds by Marshall & Stevens which must be repaid to Marshall & Stevens out of any recovery obtained from Statistical. The School District counters by stating that the transaction in question was a loan receipt.

The well-recognized doctrine of "loan receipts" allows a party to maintain an action against an original tortfeasor even though another has loaned it funds representing the damages sustained. This doctrine of loan receipts has been recognized by federal courts as well as courts in Illinois and Minnesota

(where the loan was made). Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170 (1918); J. J. Tyler v. Dowell Inc., 274 F.2d 890 (10th Cir. 1960); Pontiac Mutual Fire and Lightning Ins. Co. v. Sheibley, 279 Ill. 118, 116 N.E. 644 (Ill. 1917); Bernardini v. Home and Automobile Ins. Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (Ill.App.1965); and Blair v. Espeland, 231 Minn. 444, 43 N.W.2d 274 (1950).

It is clear that the instant transaction between Marshall & Stevens and the School District is a loan agreement and that School District is a real party in interest according to Rule 17(a) of the Federal Rules of Civil procedure. See American Dredging Co. v. Federal Ins. Co., 309 F.Supp. 425 (S.D. N.Y.1970).

The thrust of Rule 17(a) is to provide the defendant with protection against duplicate liability. Courts have held that if a plaintiff's action will preclude other actions then plaintiff is the real party in interest. Dubuque Stone Products v. Fred L. Gray Co., 356 F.2d 718 (8th Cir. 1966). The plaintiff School District has represented to this Court that the defendant Statistical will be afforded such protection by a decision on the merits of this case.[1]

It is clear that School District, which is the owner of the destroyed property, the party which suffered loss from being underinsured, and the sole party, based on its representations to this Court, which will proceed on the merits in an action against the defendant is the real party in interest in the instant action.[2]

Accordingly, it is hereby ordered that the defendant's motion to dismiss is denied.

---

1. The plaintiff has represented to this Court:
   1. Marshall & Stevens, a party to the loan receipt in issue, authorized the School District to file this action and will be bound by the result of this litigation.
   2. If there be any doubt as to the binding effect of a decision on the merits, Marshall & Stevens stand ready, willing and able to provide whatever assurance is necessary, including filing appropriate ratifications with the Clerk of this Court, to assure STC (the defendant) that it will not be subject to duplicate litigation once this matter is finally decided on the merits.

2. Statistical has claimed that it is prevented from obtaining relevant information from Marshall & Stevens since they are not parties to this action. The plaintiff School District, with apparent authority, represented:
   Marshall & Stevens is ready to make available, under proper inquiry, whatever information might be obtained from it by discovery as if it were a party to this action under normal discovery procedures to STC (the defendant). There certainly can be no prejudice when STC has the advantage of party discovery to both Marshall & Stevens and the School District.