Cheryl COCKMAN *v.* STATE FARM AUTOMOBILE INSURANCE COMPANY

92-1308                                                854 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered June 1, 1993

*David Hodges* and *Josh McHughes*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Gail O. Matthews* and *Marci Talbot Liles*, for appellee.

DONALD L. CORBIN, Justice. Appellee, State Farm Mutual Automobile Insurance Company (State Farm), brought suit for a judgment declaring that it did not owe its insured's attorney an attorney's fee for his efforts in settling its insured's claim for property damages against the tortfeasor. The case was submitted to the trial court, sitting without a jury, on stipulated facts. The trial court declared that the insured's attorney was not entitled to a fee from State Farm under the facts presented. We find no error and affirm.

Appellant, Cheryl Cockman, suffered personal injuries and property damages in an automobile collision. Appellant retained counsel, David Hodges, to represent her in her claims arising out of the accident. Appellant was insured by appellee State Farm. The other driver involved in the accident was insured by Liberty Mutual Insurance Company (Liberty Mutual).

Pursuant to its insurance policy with appellant, appellee paid appellant $6,781.60 for property damages, $2,031.10 for personal injuries, and took an $8,000.00 subrogation receipt from appellant on the collision and rental coverages of the policy. Appellee informed Liberty Mutual of its subrogation rights. With representation from Hodges, appellant settled her claims for personal injury and property damage with Liberty Mutual for $10,000.00 and $9,500.00 respectively. Pursuant to Ark. Code Ann. § 23-89-207 (Repl. 1992), appellee paid its share of Hodges' fee for the settlement of personal injuries, but refused to pay any of Hodges' fee for settlement of the property damage. Thus, the issue on appeal is whether appellee is liable for its representative share of Hodges' fee in settling appellant's claim for property damages. According to the stipulated facts presented at trial, the amount in issue here is one-third of $6,781.60.

The trial court's order entered in this case states as follows:

The Court, after studying the briefs, stipulations and exhibits finds:

(1) That Plaintiff did all it could do in this instance.

(2) That the inter-company arbitration agreement between State Farm and Liberty Mutual takes precedence over Defendant's claim for an attorney's fee.

(3) That Plaintiff does not owe Defendant an attorney's fee for collection of the collision damage.

IT IS THEREFORE, by the Court, Considered, Ordered and Adjudged that Plaintiff's complaint for a declaratory judgment to the effect that it does not owe Defendant an attorney's fee on the collision loss be and the same is hereby granted.

For reversal of the foregoing order, appellant relies on *Washington Fire & Marine Ins. Co.* v. *Hammett*, 237 Ark. 954, 377 S.W.2d 811 (1964), and *Commercial Standard Ins. Co.* v. *Combs*, 249 Ark. 533, 460 S.W.2d 770 (1970). Those two cases announce a general rule that when an insurer makes payments under a policy to its insured and takes subrogation rights but does nothing to enforce those subrogation rights against the tortfeasor or the tortfeasor's insurer, that insurer must pay its fair share of

the attorneys' fees its insured incurs in making a recovery from the tortfeasor's insurer. This general rule is based on the equitable principles embodied in the concept of subrogation. *See Combs*, 249 Ark. at 541, 460 S.W.2d at 775; *Hammett*, 237 Ark. at 956, 377 S.W.2d at 813.

Appellant also contends that appellee should not be permitted to rely on the arbitration agreement between it and Liberty Mutual as a defense to bearing its share of Hodges' fee. Appellant claims that appellee did not invoke the protection of the arbitration agreement when it put Liberty Mutual on notice of its subrogation lien, nor did it notify appellant, Hodges, or Liberty Mutual of the arbitration agreement prior to the settlement.

Appellant continues with the argument that pursuant to *Hammett* and *Combs*, she cannot split her claims for personal injury and property damage, thus she was required to pursue both claims simultaneously. In other words, had the case been forced to the point of litigation, the causes of action for personal injury and property damage could not be split so as to allow the arbitration agreement to determine the subrogated claim for property damage of $6,781.60 while also allowing the resulting litigation to determine the remaining claims. *See Combs*, 249 Ark. 533, 460 S.W.2d 770; *Hammett*, 237 Ark. 954, 377 S.W.2d 811.

Appellee responds with the argument that it actively pursued its subrogation rights and therefore should not be required to pay any portion of Hodges' fee. In support of this argument, appellee points to several letters it wrote to Liberty Mutual notifying Liberty Mutual of its subrogation lien, itemizing total payments appellee made to appellant, and requesting Liberty Mutual to correspond directly with appellee concerning the accident in question. Appellee also argues that it never requested Hodges to pursue its claims and never hired him to do so. In short, appellee contends that it never consented to having Hodges represent its subrogation rights and that it actively pursued its subrogation rights; therefore, it did not benefit from the settlement Hodges reached and should not have to participate in the fees.

While we are inclined to sympathize with appellant as to her foregoing arguments, we cannot do so for three reasons —

(1) because of the terms of the arbitration agreement, (2) because of the particular facts presented, and (3) because of the terms of the subrogation receipt.

The arbitration agreement referred to here is a document entitled "Automobile Subrogation Arbitration Agreement" to which both appellee and Liberty Mutual have agreed to be bound by. This inter-company arbitration agreement requires that involved companies forego litigation and submit to arbitration any questions or disputes arising from any automobile physical damage subrogation or property damage claim not in excess of $100,000.00. The rules and regulations promulgated in accordance with the arbitration agreement require that as a condition precedent to arbitration, involved companies must make sincere efforts to settle controversies by direct negotiation.

As appellee points out, it acted in accordance with the arbitration agreement and made an effort to settle the subrogation claim by communicating directly with Liberty Mutual. Liberty Mutual also acted in accordance with the arbitration agreement and protected appellee's subrogation rights by including appellee's name on the settlement check. Appellee and Liberty Mutual agreed to follow the arbitration agreement in cases such as the present, and they acted in accordance with that agreement with respect to this case.

Appellee's actions in communicating directly with Liberty Mutual about the subrogation claim render *Hammett* and *Combs* inapplicable. Those cases are based on an insured's inaction or refusal to pursue the subrogated claims. The record is clear that in the present case there is no inaction or refusal of appellee to pursue its subrogation claim. Thus, the particular facts of this case are such that the reasoning and holding of *Hammett* and *Combs* do not apply.

In the subrogation receipt, appellant agreed to allow appellee to enforce its subrogation rights by taking any action which may be necessary in its own name or in appellant's name. Appellant also warranted that she had made no settlement or release regarding the subrogated rights and *would not do so without appellee's written consent.* As appellee points out, it did not give its consent for Hodges to settle its subrogation rights. The subrogation agreement between appellant and appellee requires

that consent; moreover, it requires that consent to be in writing. Thus, appellee was authorized by appellant to proceed on the subrogated property damages claim, and, in the absence of the consent required by the subrogation receipt, no prejudice resulted to appellant or Hodges by appellee's failure to disclose the arbitration agreement.

Therefore, in accordance with the arbitration agreement, *Hammett* and *Combs*, and the subrogation receipt, we cannot say the trial court erred in holding that appellee was not required to pay any portion of the attorney's fees appellant incurred in settling her property damage claim with Liberty Mutual.

The judgment is affirmed.