Stephen V. HENDERSON *v.* Sandra K. HENDERSON

97-699                                                    975 S.W.2d 831

Supreme Court of Arkansas
Opinion delivered October 15, 1998

*Callis L. Childs*, for appellant.

*Helen Rice Grinder*, for appellee.

TOM GLAZE, Justice. This case is a sequel to *Henderson v. Henderson*, 330 Ark. 847, 955 S.W.2d 914 (1997), wherein we dismissed appellant Stephen V. Henderson's appeals from a November 25, 1996 decree, a January 31, 1997 order, and a February 25, 1997 supplemental order to the November 25 decree. We held Stephen's appeal from an October 3, 1997 order was timely, but appellee Sandra K. Henderson now claims Stephen is using his timely appeal to raise issues he failed to preserve in his earlier appeal attempts. We agree.

This litigation emanates from appellee Sandra K. Henderson's August 22, 1995 petition seeking the change of custody of the parties' two minor children. Upon the conclusion of the parties' trial, Chancery Judge Karen Baker changed custody, awarding Sandra the children and granting visitation rights to Stephen. During the proceeding, Stephen had asked Judge Baker to recuse, which the judge denied. However, Baker did agree that a special chancellor should be assigned to hear and decide Sandra's motions filed against Stephen's counsel, seeking Rule 11 and contempt sanctions. Judge Baker entered an order granting the foregoing relief on November 25, 1996, and Stephen appealed that decision on December 26, 1996. The judge, at Stephen's request, entered a Rule 54(b) order finding the November 25, 1996 order to be a final appealable order and specifically determining the Rule 11 and contempt matters were collateral issues that provided no just reason to delay Stephen's appeal of the custody decision.

On January 29, 1997, Judge Baker notified Chief Justice W. H. "Dub" Arnold that the four trial judges in the 20th Judicial Circuit had recused from hearing the pending proceeding against Stephen's counsel and, pursuant to Act 496 of 1965, as amended,

requested that an out-of-district judge be assigned the case. On February 5, 1997, the chief justice appointed Judge Richard Gardner to try the case and all ancillary proceedings involving Stephen's counsel. Meanwhile, on February 25, 1997, Judge Baker proceeded in the Henderson's custody case by entering a supplemental order to the November 25, 1996 decree. In that February 25 order, Judge Baker found that she had failed to provide for child support in the November 25 decree, and ordered child support to be paid by Stephen in the amount of $60.00 per week. The February 25 order provided that its directive was entered only for the purpose of supplementing the November 25 decree, and did not otherwise modify the decree. While Judge Baker's order was filed on February 25, 1997, she "entered [it] nunc pro tunc 11-25-96." On March 12, 1997, Stephen filed a second notice of appeal from the November 25, 1996 order.

On September 25, 1997, Sandra filed a motion with this court to dismiss Stephen's appeal of the November 25, 1996 decree for filing an untimely transcript, which we granted. But after Judge Gardner held a hearing on the collateral issues pertaining to Stephen's counsel, and entered an order on October 3, 1997, disposing of those issues, Stephen filed yet a third notice of appeal —; this time he appealed not only Judge Gardner's order, but, once again, designated Judge Baker's November 25, 1996 decree and February 25, 1997 supplemental order. Sandra moved to dismiss Stephen's second and third notices of appeal, and we granted her motion, holding those notices of appeal were filed outside the time for appealing the November 25 decree and its supplemental February 25 order. However, we concluded that Stephen's third notice was timely as to Judge Gardner's October 3 order. *Henderson*, 330 Ark. 847, 955 S.W.2d 914.

In this appeal, Stephen disagrees with Judge Gardner's order finding that Judge Baker, after her recusal, had continued authority over the parties' custody and visitation issues, and Gardner was restricted only to the contempt and Rule 11 issues. Stephen contends that after Judge Baker recused, she had no jurisdiction to make the finding that her November 25, 1996 order was appealable or to enter the February 25 order establishing child-support payments.

■ Stephen is wrong for two reasons. As discussed above, Stephen failed to challenge Judge Baker's authority to enter her decree and subsequent orders by perfecting a timely appeal. Consequently, Stephen is barred from raising those issues now. *See Simmons v. Estate of Wilkinson,* 318 Ark. 371, 885 S.W.2d 673 (1994). Even if Stephen had timely appealed Judge Baker's orders, he is otherwise mistaken that Judge Gardner erred in restricting his assignment to the collateral issues and in refusing to vacate Judge Baker's decisions on the custody, visitation, and child-support matters.

■ This court has generally held that when a judge recuses, the judge loses jurisdiction of the case and is without authority to act further in any judicial capacity, except to make the proper transfer of the case or take the appropriate steps for the selection of another judge. *See Bolden v. State,* 262 Ark. 718, 561 S.W.2d 281 (1978); *Hobson v. Cummings,* 259 Ark. 717, 536 S.W.2d 132 (1976). However, we further explained in *Matthews v. State,* 313 Ark. 340, 854 S.W.2d 343 (1993), that in some circumstances, a judge may recuse himself from only a part of a case. For example, the *Matthews* court held that when a judge recused from hearing a motion for attorney's fees, he was not disqualified from hearing the merits of the case, because the fee issue was severable. *Id.*

■ In the present case, Judge Baker, in her November 25, 1996 decree, specifically denied Stephen's request for her to recuse, and Baker clearly asked for a new judge to be assigned to hear and decide only the pending motions for contempt and Rule 11 sanctions against Stephen's counsel. The chief justice's assignment also very clearly reflected that Stephen's counsel, not the Hendersons, were the respondents in Judge Gardner's assignment, and Judge Gardner expressly mentioned that fact in his October 3, 1997 order. There is no doubt that the matters assigned Judge Gardner were collateral and therefore easily severable issues that could be heard and decided separately from the underlying custody action. *See Crockett & Brown, P.A. v. Wilson,* 321 Ark. 150, 901 S.W.2d 826 (1995) (a Rule 11 motion raises a collateral and independent claim, not a matter integral to the merits of the action); *Spring Creek Living Ctr. v. Sarrett,* 318 Ark. 173, 883 S.W.2d 820 (1994); *Sunbelt Exploration Co. v. Stephens Prod. Co.,*

320 Ark. 298, 896 S.W.2d 867 (1995) (an award of attorney's fees is collateral). In sum, Judge Gardner correctly determined he had no authority to disturb Judge Baker's earlier decree and supplemental order that involved the merits of the Hendersons' case. If Stephen intended to question the propriety of Judge Baker's orders, his remedy was to perfect a timely appeal from them, not from Judge Gardner's order regarding the collateral matters involving Stephen's counsel.

For the reasons stated above, we hold that Stephen's appeal from and claims involving Judge Baker's orders are procedurally barred and dismissed. In all other respects, we affirm Judge Gardner's October 3, 1997 order.