111 N.J. Super. 307 (1970)
268 A.2d 305
AGATHA KLACIK AND MICHAEL KLACIK, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
GEORGE KOVACS, DEFENDANT, AND THE HOME INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1970.
Decided August 7, 1970.
*308 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Robert M. Graham argued the cause for appellants (Messrs. Champi, Graham & Yurasko, attorneys; Mr. Robert Golden and Mr. Jack L. Lintner on the briefs).
Mr. Norman S. Karpf argued the cause for respondent (Messrs. Morgan, Melhuish, Monaghan, McCoid & Spielvogel, attorneys).
The opinion of the court was delivered by MATTHEWS, J.A.D.
Plaintiffs appeal from the trial court's denial of their application for an order granting a counsel fee and costs against defendant Home Insurance Company (Home) out of the sum which that company collected under the medical payment subrogation clause contained in the policy which it issued to plaintiff Michael Klacik.
*309 Agatha Klacik was involved in an automobile accident with defendant Kovacs while operating the automobile owned by her husband Michael. Under the terms of the policy issued to Michael, Agatha became entitled to reimbursement from Home of reasonable medical and dental expenses not exceeding $1,000, up to one year from the date of the accident. She was reimbursed for $973.
Plaintiffs thereafter instituted an action for personal injuries and property damage against Kovacs which was settled by their attorney for $33,000. After the settlement, plaintiffs obtained an order to show cause in the action, under which they sought disbursal of the $33,000 to include an award of counsel fee and costs to their attorney on the entire settlement, including the $973 payable to Home Insurance Company. The insurance company was thus made a defendant in this action and is respondent on this appeal. The trial court ruled that Home was entitled to the full amount of $973 under its policy, and entered the order here under appeal.
We observe at the outset that neither the policy nor any other agreement granted plaintiffs' attorney the right to an attorney's fee or costs out of the funds payable to Home under its subrogation rights. Plaintiffs do not contest the company's right to subrogation under the policy but argue that a counsel fee and costs should have been allowed out of the $973 by analogy to N.J.S.A. 34:15-40 in workmen's compensation matters. Specifically, they ask for one-third of the $973 plus $200 in costs.
The question here involved is of novel impression in this jurisdiction. There are, however, cases involving this issue in other jurisdictions which express contrary views. One, as expressed in Illinois Automobile Ins. Exch. v. Braun, 280 Pa. 550, 124 A. 691, 36 A.L.R. 1262 (Sup. Ct. 1924), is that insureds are not entitled to have deducted from the amount due an insurer under a subrogation clause the counsel fees and expenses incurred in litigation against the tortfeasor:
*310 * * * What a party has to expend in the securing of a judgment is never regarded as something to be added to that which is recovered. Even technical costs were not recoverable at common law; they are solely the creature of statute. There being no statute, nor part of the contract which covers such expenses, the insured is not entitled to them. [124 A., at 693-694]
The same result was reached in Commercial Union Ins. Co. v. Scott, 116 Ga. App. 633, 158 S.E.2d 295 (Ct. App. 1967); John Wanamaker, New York, Inc. v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718 (Ct. App. 1920); Pontiac Mut. County Fire & Lighting Ins. Co., v. Shiebley, 279 Ill. 118, 116 N.E. 644 (Sup. Ct. 1917); Cary v. Phoenix Ins. Co., 83 Conn. 690, 78 A. 426 (Sup. Ct. Err. 1910).
More recently the Supreme Court of Arkansas in Courtney v. Birdsong, 437 S.W.2d 238 (1969) came to the same conclusion, although a prior Arkansas decision in Washington Fire & Marine Ins. Co. v. Hammett, 237 Ark. 954, 377 S.W.2d 811 (Sup. Ct. 1964) seems to have come to an opposite result. These two decisons are probably distinguishable, however, because the court in Courtney based its decision on an express agreement to repay executed by the insured to the insurer.
Generally, the cases espousing the Pennsylvania view base their holding on the lack of a contractual relationship between the attorney and the subrogated insurance company.
The opposite view, to the effect that reimbursement of the insurer under a subrogation right should be made after the deduction of a pro rata share of the reasonable cost of the insured's efforts to recover its claim, is best expressed in United Services Automobile Association v. Hills, 172 Neb. 128, 109 N.W.2d 174, 2 A.L.R.3d 1422 (Sup. Ct. 1961). There the Nebraska Supreme Court stated:
* * * Where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plaintiff's action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees. [172 Neb. at 133, 109 N.W.2d at 2 A.L.R.3d, at 1428]
*311 The rule laid down in the Nebraska case is said to be the majority rule. 44 Am. Jur.2d, Insurance, § 1846, at 773. Jurisdictions supporting this view include Washington Fire & Marine Ins. Co. v. Hammett, (Ark.) above; Forsyth v. Southern Bell Tel. and Tel. Company, 162 So.2d 916 (Fla. Ct. App. 1964); North River Ins. Co. v. McKenzie, 261 Ala. 353, 74 So.2d 599, 51 A.L.R.2d 687 (Sup. Ct. 1954); General Exchange Ins. Corporation v. Driscoll, 315 Mass. 360, 52 N.E.2d 970, 973 (Sup. Jud. Ct. 1944); Svea Assur. Co. of Gothenburg, Sweden v. Packham, 92 Md. 464, 48 A. 359 (1901). See also, Annotations 2 A.L.R.3d 1441, 1443 (1965); 51 A.L.R.2d 697, 719 (1957).
The insurance contract before us contains no provision for fees and costs in its provisions dealing with subrogation. The company's rights, as set forth in the contract, read:
In the event of any [medical] payment under coverage C of this policy the Company shall be subrogated to all the rights of recovery therefor which the insured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. * * *
It is elementary that the juristic effect of a contract is governed by the expressed intention of the parties. In the absence of any overriding public policy, "it is the function of a court to enforce it as written and not to make a better contract for either of the parties." Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960).
Public policy here, however, is in equipoise. Home clearly never had an obligation to sue Kovacs; it did not employ plaintiffs' attorney, participate in the proceedings or settlement, or specifically direct plaintiffs' attorney to represent it in the Kovacs matter. Principles of the attorney-client relationship thus would appear to militate against charging Home. This is the view espoused by the minority rule.
In the absence of statute, rule of court or contract, the mere accrual of benefits to a third party does not entitle *312 an attorney to recover any compensation from those benefited. Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 212 (App. Div. 1965), aff'd 44 N.J. 450 (1965); 7 Am. Jur.2d, Attorneys at Law, § 205, at 166; Annotation 78 A.L.R.2d 318, 324 (1961). Hence the reference by plaintiffs to the workmen's compensation statute is inapposite. However, had Home caused the Klaciks to incur expense in settlement or had there been a default in an obligation to defend the Klaciks, public policy would dictate the imposition of legal fees. Verhagen v. Platt, 1 N.J. 85, 92 (1948); Gerhardt v. Continental Ins. Co., 48 N.J. 291, 300 (1966).
We conclude that the more equitable rule is that espoused by the majority in United Services Automobile Association v. Hills, above. Clearly, had Home decided to insttiute its own action, or intervene in the action instituted by plaintiffs against Kovacs, it would have been required to incur expenses including an attorney's fee for such action. To establish an artificial rule which would provide an insurer with the right to sit back and permit its insured to proceed with an action, expecting to share in the avails of that proceeding without the burden of any of the expense, occurs to us to be anomalous.
The arrangement between plaintiffs and their attorney was for him to receive one-third of any recovery obtained from Kovacs. The one-third counsel fee should be figured on the gross recovery, including the amount to be reimbursed to Home Insurance Company. Thus, Home's reimbursement will be reduced by one-third.
Plaintiffs have also requested that the amount to be reimbursed to Home be further reduced by the sum of $200 for expenses. The record is barren of any basis for the amount asked for expenses and, accordingly, we cannot pass on their reasonableness. We remand to the trial court for ascertainment of the proportion of expenses to be paid out of the amount to be reimbursed to Home, which proportion should *313 not exceed the amount which the gross reimbursement to be paid to Home bears to the total recovery.
Reversed and remanded for further proceedings in conformity with this opinion.