IN THE MATTER OF MICHAEL A. CHASAN, AN ATTORNEY AT LAW.

September 28, 1982.

*William R. Holzapfel* argued the cause for the District XII Ethics Committee.

*David Shor* argued the cause for respondent.

## ORDER OF PUBLIC REPRIMAND

The Disciplinary Review Board having filed a report recommending that MICHAEL A. CHASAN of Union be publicly reprimanded for taking an attorney's fee in violation of *DR* 1–102(A)(3) and (4) and that he be required to reimburse the Administrative Office of the Courts for appropriate administrative costs incurred in the prosecution of this matter, and this Court having reviewed the entire record, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that MICHAEL A. CHASAN be and hereby is publicly reprimanded for his violation of *DR* 1–102(A)(3) and (4); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of this matter, be added as a permanent part of the file of said MICHAEL A. CHASAN as an attorney at law of the State of New Jersey, and it is further

ORDERED that MICHAEL A. CHASAN reimburse the Administrative Office of the Courts for appropriate administrative costs in this matter.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District XII Ethics Committee. The complaint may be summarized as follows:

Respondent was retained by Jurkin Stadnick on September 10, 1980 to represent him in connection with a motorcycle accident in which Mr. Stadnick sustained personal injuries. The accident occurred on April 18, 1980 and from April 19, 1980 to June 17, 1980 Stadnick was treated at Irvington General Hospital which submitted a final bill in the amount of $22,311.25 on June 25, 1980.

In December 1980, respondent, during the course of his representation of Mr. Stadnick, arranged with Local 210 of the Teamsters Union for the payment of $16,767 to be applied toward the hospital bill. The check was received by respondent on December 11, 1980 and was payable to Irvington General Hospital, c/o Michael A. Chasan, 44 Elmwood Avenue, Union, New Jersey 07083. Respondent thereupon notified complainant hospital of the receipt of the check and that his fee for services was $1,000. Respondent stated in his letter of December 11, 1980 to complainant:

"I do realize that there was no understanding or agreement between us and that I did volunteer to act gratuitously to protect your bill. The request that I protect your bill, however, was yours and you were undoubtedly aware that lawyers both work for a living, and charge for their time."

Respondent, although he clearly had no attorney-client relationship or indeed any authority from the hospital, nevertheless endorsed the check in the name of the hospital by virtue of an alleged implied power of attorney and deposited same into his trust account on December 18, 1980. Even if respondent had produced a power of attorney from his client Stadnick, this would still not authorize the negotiation of a payment clearly intended to solely benefit the hospital. Six days later, respondent wrote a letter to the complainant advising that since there was no response to his previous letter, he assumed that the hospital consented to the arrangement and forwarded a check in the amount of $15,767. Respondent then drew a check in the amount of $1,000 for deposit in his general operating account.

Respondent subsequently settled his client's case for $15,000 and received a $5,000 fee. The contigent fee agreement provided that respondent would attempt to secure payment of outstanding medical bills. Respondent's unilateral determination to pay himself an additional $1,000 clearly violated the terms of that fee agreement to attempt to secure payment of the medical bills. The $5,000 fee which he took under the agreement was all inclusive. Of equal importance is the fact that respondent's taking of the unauthorized additional fee damaged his client by increasing the amount for which his client remained liable to the hospital. Nothing was done to negotiate or settle the balance of the hospital bill which Mr. Stadnick still owed. Respondent only indicated before the Board that, at the time of the final settlement, he determined that there was no lien on file with respect to the balance of the bill.

## CONCLUSION AND RECOMMENDATION

Upon review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence. There was clearly no attorney-client relationship between respondent and the hospital either express or implied and therefore no right to an attorney's fee. Any fee owed by Stadnick was encompassed within the contingent fee arrangement. The Board notes the Committee's reference to pertinent case law.

"In the absence of statute, rule of court or contract, the mere accrual of benefits to a third party does not entitle an attorney to recover any compensation from those benefited." *Klacik v. Kovacs,* 111 *N.J.Super.* 307, 311–2 (App.Div.1970).

The Board further agrees with the Committee's finding that the manner in which respondent endorsed the check and especially his reference to a non-existent power of attorney was highly improper. Even if an attorney-client relationship existed, there would have been no general authority to endorse a

check on a client's behalf. The Board agrees with the Committee's conclusion that respondent violated *DR* 1–102(A)(3) and (4) by engaging in conduct which involved fraud, dishonesty and deceit and which adversely reflected on his fitness to practice law. The Board therefore recommends that respondent be publicly reprimanded and that he be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/   A. Arthur Davis, 3rd
        A. Arthur Davis, 3rd
        Chairman

DATED:  August 10, 1982