I concur in the result only. In Powell v. Blue Cross BlueShield of Alabama, 581 So.2d 772 (Ala. 1990), Sharpley v.Sonoco Products Co., 581 So.2d 792, 794 (Ala. 1990), and Peckv. Dill, 581 So.2d 800, 805 (Ala. 1990), I explained why I thought an insurer could be entitled to subrogation even if its insured had not been made whole.
Complete Health argues that the trial court erred in holding that White had not been fully compensated by the settlement that he willingly entered into, and it cites two cases, one from Minnesota and one from West Virginia, in support of its argument that once a party settles its claim it cannot thereafter take the position that it was not fully compensated by the settlement and its argument that the insured's damages, as a matter of law, were the amount of the settlement.Illinois Farmers Ins. Co. v. Wright, 391 N.W.2d 519 (Minn. 1986); Bell v. Federal Kemper Ins. Co., 693 F. Supp. 446
(S.D.W. Va. 1988). Complete Health argues that an insured who files an action and then willingly settles cannot and should not be allowed to then take the contrary position that the insured's damages were something other than the amount obtained through arm's-length negotiations leading to the settlement. I agree with Complete Health's argument, but this Court has held otherwise. There is no good reason that I should continue to dissent, especially in view of the fact that the Legislature has met since the Powell, Sharpley, and Peck opinions were released and has taken no action to undo the effect of those opinions.
The majority cites a Wisconsin case, Rimes v. State Farm Mut.Auto. Ins. Co., 106 Wis.2d 263; 316 N.W.2d 348 (1982), which was relied on by the Court in Powell and which cites a dictionary that defines "settlement" as "the satisfaction of a claim by agreement often with less than full payment." While I recognize this dictionary definition of "settlement," it would appear to me that a party who settles has been fully compensated, as a matter of law. Having accepted compensation and waived any further right of action, a party should be considered fully compensated. Even if the settlement *Page 790 
amount is not considered full compensation as a matter of law, as I think it should be, it would appear that under the facts of this case the settlement could be considered full compensation, because the insured testified that he believed he received more compensation through his settlement than he would have received from a jury verdict. Only because I am convinced that the trial judge was merely following what the majority of this Court said in Powell, Sharpley, and Peck, I reluctantly concur in the result.